

# Capell Vishnick LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/07

ANDREW A. KIMLER, ESQ.
Partner
516.437.4385 x122
akimler@CapellVishnick.com

Howard Capell
(withdrawn from firm)

Edward M. Dweck
(1948-1931)

September 27, 2007



RECEIVED SEP 28 2007 RICHARD J. HOLWELL

*VIA FACSIMILE: (212) 805-7948*
Hon. Richard J. Holwell
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

    Re:   *Ho Myung Moolsan Co., Ltd., and Hyun-Song Kang v. Manitou Mineral Water, Inc., et. al.*
         *SDNY Case No.: 07 CIV 7483*

Dear Judge Holwell:

    My firm represents the defendants in the above-captioned action which essentially involves a commercial dispute pertaining to the distribution of bottled mineral water. The plaintiffs' application for injunctive relief is currently returnable on October 11, 2007 at 9:00a.m.

    I am writing to request permission to file a motion to dismiss pursuant to FRCP §12(b)6 with respect to certain causes of actions contained in the complaint. More specifically, we are considering moving to dismiss the plaintiffs' first cause of action for declaratory judgment and second cause of action for breach of contract with respect to all of the defendants except as to defendant Manitou Mineral Water, Inc., by reason of the fact they are non-signatories to the underlying agreements and should not be named as defendants.

    We are also considering moving to dismiss the plaintiffs' fourth cause of action for "tortious interference with plaintiffs' business rights" and "with plaintiffs' contractual rights." In that regard, the plaintiffs' complaint fails to assert: (1) the existence of a valid contract between the plaintiffs and a third party; (2) that the defendants had knowledge of said contract; (3) that the defendants' somehow intentionally procured the breach of this contract; and (4) damages. The defendants are also considering moving to dismiss the plaintiffs' fifth cause of action for "fraud in the inducement" by reason of the plaintiffs' failure to plead, with specificity, the following: (1) that the defendants made a material false representation; (2) with intent to defraud the plaintiff; (3) that the plaintiffs reasonably relied upon the representation; and (4) the plaintiffs suffered damage as a result of that reliance. Finally, we will also be seeking to dismiss the sixth cause of action for "conspiracy" by reason of the fact that New York does not recognize an independent tort of conspiracy.

# Capell Vishnick LLP

*September 27, 2007*
*Page 2*

    Since the defendants' opposition papers to the plaintiffs' application for injunctive relief are due on October 2, we respectfully request that we be afforded an opportunity to include in our response a cross-motion to dismiss based upon the foregoing grounds.

    Thank you for your consideration.

Application Granted
SO ORDERED

Respectfully submitted,

Andrew A. Kimler

cc: **VIA FACSIMILE & REGULAR MAIL**
    *(201) 342-0555*
    Michael S. Kimm, Esq.

USDJ
9/28/07

3000 Marcus Avenue, Suite 1E9, Lake Success, NY 11042   t 516.437.4385   f 516.437.4395
www.CapellVishnick.com