UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HO MYUNG MOOLSAN CO., LTD. and
HYUN- SONG KANG,

                              Plaintiffs,

        -against-

MANITOU MINERAL WATER, INC., RAPHAEL
DRUG AND HEALTH CO., O-YOON KWON, NAM-IN
JHON, HANMI HOME SHOPPING COMPANY, NEW
JERSEY FLEA MARKET NEWS, NEW YORK FLEA
MARKET NEWS a/k/a WWW.FINDALLUSA.COM.
JOHN DOES 1 THROUGH 10 AND JANE DOES 1
THROUGH 10 AND ABC COMPANIES 1 THROUGH
100,

                            Defendants.

Case No. 07 CIV 7483 (RJH)

**ANSWER**

Defendants, Manitou Mineral Water, Inc., Raphael Drug and Health Co., O-Yoon

Kwon, Nam-in Jhon, Hanmi Home Shopping Company, New Jersey Flea Market News, New York

Flea Market News a/k/a www.findallusa.com., as and for their answer to the complaint, assert as

follows:

       1.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in ¶ "1" of the complaint.

       2.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in ¶ "2" of the complaint.

       3.      Deny each and every allegation set forth in ¶ "3" of the complaint except

admit that defendant Kwon resides at 118 E. 60th Street, New York, New York and is the president

of Manitou Mineral Water, Inc.

       4.      Deny each and every allegation set forth in ¶ "4" of the complaint except

admit that Manitou Mineral Water, Inc. is a domestic corporation with an office an 1257 Broadway, New York, New York.

5.    Deny each and every allegation set forth in ¶ "5" of the complaint except admit that Manitou Mineral Water, Inc. and defendant Raphael Drug and Health Co. have shared a common telephone number, address and fax number.

6.    Deny each and every allegation set forth in ¶ "6" of the complaint except admit that defendant Jhon is a relative of defendant Kwon and is the factory manager at Manitou Springs.

7.    Deny each and every allegation set forth in ¶ "7" of the complaint.

8.    Deny each and every allegation set forth in ¶ "8" of the complaint.

9.    Deny each and every allegation set forth in ¶ "9" of the complaint.

10.    Deny each and every allegation set forth in ¶ "10" of the complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "11" of the complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "12" of the complaint.

13.    Deny each and every allegation set forth in ¶ "13" of the complaint.

14.    Deny each and every allegation set forth in ¶ "14" of the complaint except admit that Mr. Ji did approach defendant Kwon and that the two of them executed a contract with respect to the sale of water.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "15" of the complaint.

-2-

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "16" of the complaint.

17.    Deny each and every allegation set forth in ¶ "17" of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "18" of the complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "19" of the complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "20" of the complaint except admits that plaintiff was to handle the sale of defendant Manitou's water in South Korea.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "21" of the complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ "22" of the complaint.

23.    Deny each and every allegation set forth in ¶ "23" of the complaint except admit having shipped water to the plaintiffs.

24.    Deny each and every allegation set forth in ¶ "24" of the complaint.

25.    Deny each and every allegation set forth in ¶ "25" of the complaint.

26.    Deny each and every allegation set forth in ¶ "26" of the complaint.

27.    Deny each and every allegation set forth in ¶ "27" of the complaint.

28.    Deny each and every allegation set forth in ¶ "28" of the complaint.

29.    Deny each and every allegation set forth in ¶ "29" of the complaint except

-3-

admit certain advertisements for the sale of the subject mineral water were previously placed in the Korean American Times.

30.    Deny each and every allegation set forth in ¶ "30" of the complaint.

31.    Deny each and every allegation set forth in ¶ "31" of the complaint.

32.    Deny each and every allegation set forth in ¶ "33" of the complaint.

33.    Deny each and every allegation set forth in ¶ "34" of the complaint.

34.    Deny each and every allegation set forth in ¶ "36" of the complaint.

35.    Deny each and every allegation set forth in ¶ "38" of the complaint.

36.    Deny each and every allegation set forth in ¶ "40" of the complaint.

37.    Deny each and every allegation set forth in ¶ "42" of the complaint.

38.    Deny each and every allegation set forth in ¶ "44" of the complaint.

39.    Deny each and every allegation set forth in ¶ "45" of the complaint.

40.    Deny each and every allegation set forth in ¶ "46" of the complaint.

41.    Deny each and every allegation set forth in ¶ "48" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42.    The complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43.    The plaintiffs' claims are barred by the Doctrine of Unclean Hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44.    The plaintiffs' claims are barred by custom and usage.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45.    The plaintiffs' claims are barred by reason of the provisions of the Uniformed

Commercial Code including, but not limited to, § 2-306 thereof.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46.    The plaintiffs' claims are barred by reason of the implied covenant of good

faith and fair dealing.

WHEREFORE, defendants demand judgment dismissing the complaint, together with

costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: Lake Success, New York
       September 28 , 2007

Yours, etc.

Capell Vishnick LLP

By: Andrew A. Kimler, Esq. (AK-9861)
Attorneys for Defendants
3000 Marcus Avenue, Suite 1E9
Lake Success, New York 11042
(516) 437-4385