UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL S. KIMM, ESQ.
190 MOORE STREET, SUITE 272
HACKENSACK, NEW JERSEY 07601
TEL: 201-342-3377
FAX: 201-342-0555
*Attorney for Plaintiffs*

| | |
|---|---|
| HO MYUNG MOOLSAN CO., LTD., and HYUN-SONG KANG, <br><br> Plaintiffs, <br><br> v. <br><br> MANITOU MINERAL WATER, INC., RAPHAEL DRUG AND HEALTH CO. O-YOON KWON; NAM-IN JHON, HANMI HOME SHOPPING COMPANY, NEW JERSEY FLEA MARKET NEWS, NEW YORK FLEA MARKET NEWS, a/k/a WWW.FINDALLUSA.COM, JOHN DOES 1 THROUGH 10, JANE DOES 1 THROUGH 10, and ABC COMPANIES 1 THROUGH 100, <br><br> Defendants. | 07 CV 7483 (RJH) <br><br><br><br><br><br><br><br><br><br> **Reply Declaration of Bong Sil Lee in further support of preliminary injunction** |

BONG SIL LEE, of age, declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a local agent of plaintiffs Ho Myung Moolsan Company, Limited, and Hyun Song Kang, based in Korea, and I make this declaration in further support of plaintiffs' application for preliminary injunction, as set forth in the Order to show cause previously filed

1

with the Court.

2. I was hired by plaintiffs in June 2007, approximately three months after they stopped receiving shipments of Manitou mineral water shipments from defendants. In this capacity I personally traveled to Manitou Springs, Colorado, the situs of defendants' production plant, and I personally observed various facts that are now pertinent to plaintiffs' pending application for injunction and also responsive to defendants' false statements particularly in the Affidavit of O Yoon Kwon.

3. In paragraphs 40 through 47, defendant Kwon discusses the alleged "extent" of defendants' sales activity which was undisclosed to plaintiffs. Defendant Kwon states that defendant Hanmi Home Shopping's president, Myung Suk Lee, who also owns a weekly "Penny Saver" type of advertising material called "Korean American Times," is a personal friend of his (¶¶ 42-43) and that Myung Suk Lee somehow provided advertisements in his advertising circular "free" of charge (¶ 41). Defendant Kwon states that the defendants "shipped approximately five boxes of water (60) bottles to Mr. Lee [Hanmi] and he voluntarily advertised our water in his newspaper under the name 'Hanmi Home Shopping Company.'" (¶ 45).

4. In his own sworn statement, Hanmi Home Shopping's president Myung Suk Lee states that "Whenever we received telephone calls inquiring as to the water, we referred the caller to Dr. Kwon and we gave free samples of the water to callers that came to our office." (Myung Suk Lee Decl. ¶ 9).

5. Both of these sworn statements are false. On June 30, 2007, I personally purchased from Hanmi Home Shopping headquarters in College Point, Queens, New York. I placed a telephone order, responding to Hanmi's advertisements (which ran for approximately 20 weeks) and I requested samples of "Manitou mineral water" and I was advised that it was available for sale at $60.00 per case of 12 bottles to a case. I ordered five cases. (This is exactly the number that Hanmi claims to have received, and gave away as "free samples."). Hanmi's own truck delivered it to my address three days later. I attempted to pay with a documented method of payment (credit card, check), a Hanmi employee stated that "this product is available only for "cash." I pleaded to let me use a check for part of the cost stating that I did not have the entire $300.00 in "cash." The Hanmi employee agreed to receive $120.00 in check, and I used my check number 195, annexed hereto as Exhibit 1, and I wrote "Memo: Manitou water 2 boxes." The other $180.00 for three more boxes was paid in cash, as Hanmi refused to accept any more in check. My check was cleared by Hanmi Home Shopping's bank.

6. The five boxes I purchased was packaged with a "Manitou Springs Mineral Water" label that appeared similar to — with the same name — as plaintiffs' "Manitou Springs Mineral Water" but the label had been re-done. This was a brand new label, which was produced in approximately May or June 2007.

7. Before delivery from Hanmi on June 30, four days earlier, on June 26, 2007, I went to Manitou Springs to observe facts. Annexed hereto as Exhibit 2 are a collection of

photographs I personally took with my digital camera on site. Photos 1, 2 and 3 show that the defendants have been producing significant volumes of "Manitou Springs mineral water" despite the fact that their last shipment to plaintiffs — on their pre-paid order for $1 million — was April 2, 2006.

8. Photo 4 shows that defendants produced those volumes shown in the pictures on June 19, 2007, for domestic distribution (Lot #KW means domestic and Lot #KH means export use).

9. As Photos 5 and 6 show, three pallets of domestic use water shipments were fully wrapped for departure from the factory. While on site, when I specifically asked defendant Nam-in Jhon who was going to receive those pallets, defendant Jhon stated that those "may be going to Ho Myung" — but the Lot numbers were "domestic" lots, and Ho Myung never received such shipments since that date.

10. As photos 7 and 8 show, defendants used plaintiffs' original label to essentially make a "knock off" version of their "Manitou Springs Mineral Water" label for sale by them directly. This label appears on the five boxes of water I purchased at Hanmi Home Shopping four days later. Again, none of that water was ever provided to or even consulted with plaintiffs.

11. Besides the three pallets shown in photos 5 and 6, I also found eight more pallets in a corner of the factory, a short distance away from the three pallets. I believed that I took a photo of that group of eight pallets, but, upon returning from the trip, when I downloaded

my photos, I realized that my camera did not properly capture that scene. But nonetheless I personally observed the eight pallets, and I would testify accordingly in court.

    12.  As defendants own papers state, defendants are capable of producing 100,000 bottles a month with no difficulty. Since it has been six months — and counting — since defendants stopped shipping to plaintiffs, defendants' assertions that they somehow distributed only five boxes free of charge to customers of Hanmi Home Shopping is demonstrably false — I alone <u>purchased</u> five boxes.

Dated: October 8, 2007                               <u>/s/ Bong Sil Lee</u>

Certificate of Service

Michael S. Kimm, Esq., certifies the foregoing was served upon defendants' counsel by fax and mail.

>	Andrew Kimler, Esq.
>	Capell Vishnick, LLP
>	3000 Marcus Avenue, Suite 1E9
>	Lake Success, NY 11042
>	Fax 516-437-4395

Dated: October 10, 2007                                             /s/ Michael S. Kimm, Esq.