UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL S. KIMM, ESQ.
190 MOORE STREET, SUITE 272
HACKENSACK, NEW JERSEY 07601
TEL: 201-342-3377
FAX: 201-342-0555
*Attorney for Plaintiffs*

| | |
|---|---|
| HO MYUNG MOOLSAN CO., LTD., and HYUN-SONG KANG, <br><br> Plaintiffs, <br><br> v. <br><br> MANITOU MINERAL WATER, INC., RAPHAEL DRUG AND HEALTH CO. O-YOON KWON; NAM-IN JHON, HANMI HOME SHOPPING COMPANY, NEW JERSEY FLEA MARKET NEWS, NEW YORK FLEA MARKET NEWS, a/k/a WWW.FINDALLUSA.COM, JOHN DOES 1 THROUGH 10, JANE DOES 1 THROUGH 10, and ABC COMPANIES 1 THROUGH 100, <br><br> Defendants. | 07 CV 7483 (RJH) <br><br><br><br><br><br><br><br><br><br><br><br> **Reply Declaration of Mike S. Ko** |

MIKE S. KO, of age, declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am not a party to this action; I have been retained by plaintiffs' as an expert in connection with Korean business customs and practices, including the making of informal agreements among Korean business persons.

2. At this time, I make this declaration for the limited purpose of discussing two

1

related points concerning the word, "chong-pan" which is contained in the November 25, 2005, "Abandonment Memorandum" of Young Gil Jee, which was also countersigned by one of the named defendants in this lawsuit, O Yoon Kwon; and included in the Affidavit of O Yoon Kwon as Exhibit D.

    3. Annexed hereto as <u>Exhibit 1</u> is my curriculum vitae. Currently, I am a business and marketing consultant residing in Korea. Over the past 30 years, I have been a principal, officer and representative of various closely-held companies of significant revenue volumes and managerial responsibility, including various international licensing businesses which were established in Korea and elsewhere. In this capacity, I have become deeply familiar with the customs and usages of Korean business practices, as employed by Koreans residing in Korea as well as Koreans residing in the United States.

    4. I have reviewed Exhibit D to the O Yoon Kwon Affidavit, and its English translation. Attached hereto as <u>Exhibit 2</u> is the Korean language version that is said to have been signed by Young Gil Jee. In the text of the statement, on the third line, there is a two-word composite that is literally pronounced, "chong-pan." In the version attached to my declaration, I have circled that word. Attached hereto as <u>Exhibit 3</u> is a copy of the <u>Minjung's Essence Korean-English Dictionary</u> (3d ed) at page 1881, identified by a drawn-box, where the exact same word, "chong-pan" is defined. (The copy is slightly blown up.)

    5. The English definition is "an <u>exclusive sales</u>; sole agency (trade) [and combined with "to do" in Korean is to say] make an <u>exclusive</u> sale [or] enter into a special contract for

sole agency." (Emphasis added.) Regrettably, the translator used by defendants omitted this word. The omission is not reasonably debatable, and I am sure it was an inadvertent omission by the translator.

6. Because the document being advanced by defendants themselves clearly contains a word that means, "exclusive sales," it is my opinion within a reasonable degree of certainty that the parties actually discussed "exclusive sales" rights concerning the Manitou Springs Mineral Water.

7. It is also my opinion within a reasonable degree of certainty that the translation of the "Abandonment Memorandum" attached to defendants' Exhibit D omits any reference to the actual word, "chong-pan" which exists in the Korean language version.

Dated: October 10, 2007                    /s/ Mike S. Ko