# Capell Vishnick LLP

ANDREW A. KIMLER, ESC.
Partner
516.437.4385 x122
akimler@CapellVishnick.com

Howard Cape.
(withdrawn from firm)

Edward M. Dweck
(1948-1991)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/07

November 6, 2007

VIA FACSIMILE: (212) 805-7948
Hon. Richard J. Holwell
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

    Re:    *Ho Myung Moolsan Co., Ltd., and Hyun-Song Kang v. Manitou Mineral Water, Inc., et. al.*
           **SDNY Case No.: 07 CIV 7483**

Dear Judge Holwell:

    As you may recall, my firm represents the defendants in the above-captioned action. I am writing concerning a problem that I am encountering in connection with your Order of October 26, 2007.

    As you will recall, at the conclusion of the proceedings of October 22, 2007, you directed (and on October 26 ordered) the parties to engage in good faith negotiations for a period of thirty days to establish terms and conditions for the recommencing of water shipments from defendant Manitou Mineral Water to plaintiff Ho Myung Moolsan Co., Ltd. You also scheduled a conference for November 21, 2007 at 10:00a.m.

    I subsequently telephoned and wrote to the plaintiffs' counsel, Michael S. Kimm, Esq., in order to schedule a meeting so that we could address the parties' differences. More specifically, on October 31, I telephoned Mr. Kimm but could not reach him. I thereafter wrote to him and asked that he get back to me to arrange a meeting based upon your Order. A copy of my letter in enclosed. On November 1, I received a reply letter from Mr. Kimm in which he states that in order "for plaintiffs to review the potential for resuming business dealings, plaintiffs require documents and information" and accordingly, he subsequently forwarded to me various discovery demands. A copy of said letter is enclosed.

    On November 2, I wrote to Mr. Kimm and acknowledged receipt of the plaintiffs' document demands and interrogatories and I indicated that while discovery had not been stayed, it appeared that much of what he was seeking had no relationship to the efforts that the Court directed the parties

# Capell Vishnick LLP

November 6, 2007
Page 2

to undertake. Thus, I suggested that while we pursue discovery, we also meet as soon as possible to discuss how we could recommence water shipments, as per the Order of the Court. A copy of my letter is enclosed.

While Manitou wishes to explore the resumption of shipments to the plaintiffs, it cannot reopen its factory and begin bottling water until such time as it has a customer. This is in part due to the fact that bottled water has an expiration date. Thus, the entire process is stalled since no discussions are taking place.

I am writing at this time since I did not want to wait until November 21 to first bring this situation to the Court's attention. It is my hope that perhaps the Court can provide some direction to counsel so we can get things moving.

I therefore respectfully request a telephone conference to address the foregoing.

Thank you for your consideration.

Respectfully submitted,

Andrew A. Kimler (AK-9861)

AAK/am
encl.

cc: **VIA FACSIMILE & REGULAR MAIL**
**(201) 342-0555**
Michael S. Kimm, Esq.

> While a business solution would appear desirable, the Court does not consider it productive to intervene in those discussions. The parties will report on the status of their negotiations on November 21, 2007.
>
> SO ORDERED
> [signature] US DJ 11/8/07