# KIMM LAW FIRM

41 BANCKER STREET
ENGLEWOOD, NEW JERSEY 07631

TELEPHONE (201) 569-2880
FACSIMILE (201) 569-2881

PLEASE WRITE TO ENGLEWOOD
email kimmlaw@msn.com

185 GREAT NECK ROAD, SUITE 330
GREAT NECK, NEW YORK 11021

TELEPHONE (516) 829-9660

January 2, 2008

By ECF

Hon. Richard J. Holwell, U.S.D.J.
United States District Court
500 Pearl Street, Room 1950
New York, NY 10007

    Re:    Ho Myung Moolsan Co., Ltd., v. Manitou Mineral Water, Inc.,
             SDNY 07 CV 7483

Dear Judge Holwell:

    Plaintiffs respectfully submit this letter and request a pre-motion conference for a discovery-related relief due to defendants' failure to respond to plaintiffs' long-standing discovery demands.

    As it has been advised previously, plaintiffs served their initial discovery demands on November 1, 2007. By December 1, 2007, defendants had not responded at all in writing, and had not sought any extension to respond. On December 10, 2007, we wrote defendants:

> Defendants' written responses to plaintiff's first set of discovery demands were due December 1, 2007 but have not been received by plaintiff. This is to provide a courtesy notice that such responses are overdue and that all objections have been waived by operation of the rules and that full and complete responses will be expected by this Friday, December 14, 2007 in order to avoid unnecessary judicial intervention.

    On December 17, 2007, we followed up with two further letters which, in part, reiterated our requests for the outstanding discovery demands. In response to these letters, defendants responded with a letter stating that they intended to respond shortly to plaintiffs' outstanding discovery demands.

As your Honor may recall, during the November 21, 2007, preliminary injunction hearing, defendants advised the Court that they were then-already in possession of documents and that plaintiffs were entitled to such documents and others that were "being reviewed" by counsel at the time.

To date, we have received no written responses and no production of documents and we have failed to receive access to the computer hard disks pertaining to the computers that were used in the water-production plant of Manitou Mineral Water, Inc., despite the fact that all objections have been waived.

In view of these facts, plaintiffs are obliged to request the Court's assistance on this matter. If the Court directs, plaintiffs are prepared to file a formal motion for relief.

Thank you for your consideration and courtesy.

Respectfully,

Michael S. Kimm

MSK:la
cc: Andrew Kimler, Esq., by fax 516-437-4395