# KIMM LAW FIRM

41 BANCKER STREET
ENGLEWOOD, NEW JERSEY 07631

TELEPHONE (201) 569-2880
FACSIMILE (201) 569-2881

PLEASE WRITE TO ENGLEWOOD
email kimmlaw@msn.com

185 GREAT NECK ROAD, SUITE 330
GREAT NECK, NEW YORK 11021

TELEPHONE (516) 829-9660

March 6, 2008

By ECF and regular mail

Hon. Richard J. Howell
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

      Re:    Ho Myung Moolsan Co., Ltd., v. Manitou Mineral Water, Inc.,
             SDNY 07 CV 7483

Dear Judge Howell:

      Please accept this correspondence as a formal request for a discovery conference in the above captioned litigation. As Your Honor may recall, this case involves a contract entered into in December of 2004 between Plaintiffs Ho Myung Moolsan, Ltd. and Defendants Manitou Mineral Water, Inc. relating to the exclusive water supply from Defendants to the Plaintiffs. By March of 2006, Plaintiffs incurred approximately $2.5 million in the acquisition cost and operational expenses to establish the distributorship in the United States and Korea, the initial launch markets and to engage in marketing studies of other global markets. Defendants shipped only 307,032 bottles of water as of April 2, 2007, and then abruptly stopped shipping further water supplies. Plaintiffs attempted to secure compliance with the contractual requirements, having prepaid $1 million for those supplies, but Defendants claimed that they did not have adequate "operational funds" to keep their Colorado factory operating.

      Plaintiffs filed a motion for a preliminary injunction, which was heard on October 22, 2007. At that conference, the Court stated that "you can have an expedited trial," and that "you are entitled to get full discovery." October 22, 2007 transcript of conference at 7:2-3 and 21:6. Plaintiffs sent out interrogatories and document requests, to which we received a response that was woefully inadequate. We addressed the deficiencies in Defendants' document production and responses to interrogatories with defense counsel and have made a good faith attempt to resolve the issues before asking for the Court's intervention.

      Separate and apart from the interrogatories and document requests, Plaintiffs requested a CD that defense counsel agreed to provide, but advised that it had been "corrupted" and could not be opened. We have not been provided with a new CD to date. In addition, Plaintiffs had requested a mirror image of Defendants' computer hard drives, which we are entitled to in

Page 2

accordance with Federal Rule 34. Again, we have not received this information to date. Defense counsel has agreed to our request to inspect defendants' premises and we expect to undertake that inspection shortly.

The following information will set forth specifically the deficiencies in Defendants' responses to the discovery requests. Defendants are aware of these deficiencies, as a letter was sent on January 11, 2008, setting forth this same information. Plaintiffs' demands and defendants' responses will be discussed in turn, as follows:

## PLAINTIFFS' DISCOVERY DEMANDS AND DEFENDANTS' INADEQUATE RESPONSES

### As to Plaintiffs' Document Demand

1. All documents relating to the disposition of the funds received from plaintiffs through Young Gil Jee.

DEFENDANTS PRODUCED NO DOCUMENTS. The disposition of the funds is at issue in this litigation and as such, the documents requested are relevant, and are reasonably likely to lead to the discovery of admissible evidence.

2. All documents relating to the acquisition of all properties in Manitou Springs in connection with the mineral water business, whether done so through person auspices or one or more corporate auspices in which defendants have any ownership interest (including Manitou Mineral Water, Inc., and Tensing, LLC).

DEFENDANTS PRODUCED NO DOCUMENTS. Defendant Kwon has been quoted in the Korean newspapers as having "acquired" the rights to at least three springs in Manitou Springs City. Since we allege that defendants spent our $1 million prepayment to acquire one or more of those springs, instead of using our funds to process our orders, these documents are likely to lead to discovery of admissible evidence.

3. All documents relating to the formation of all business entities involved in the ownership or operation of the mineral water business, including Manitou Mineral Water, Inc., and Tensing, LLC.

Defendants produced documents relating to the ownership interest in Manitou Mineral Water Inc. and Tenging LLC/Tenzing LLC. The relationship between the entities, however, remains unclear. Further, Defendants have produced no operational documents. Defense counsel has advised that the operational documents are likely to be

Page 3

on the CD that was requested, but we have not obtained a copy of that CD to date.

    4. All documents relating to the total production of mineral water since the outset.

The documents produced by Defendants cover a time frame from approximately 2006 to 2007. Plaintiffs request any and all documents prior to and subsequent to time span.

    5. All documents relating to the sale of mineral water to any person or entity.

A very small portion of documents 000005-000095 appear to relate to the sale of mineral water from 2006 to 2007. Most of the documents are bills of lading, without specific sales information. In addition, Defendants have produced nine other documents relating to the sale of mineral water. These are documents 000164, 000172, and 000174 through 000180. Defendants' sales to various third-parties has been alleged, and is clearly established in the preliminary injunction record. Plaintiffs allege in part that defendants stopped selling to plaintiffs when they began to sell in the retail markets directly. The requested documents are likely to lead to discovery of admissible evidence.

    6. All documents relating to the sale of free distribution of water to any person or entity.

It is unclear as to whether or not the water delivered to Raphael Drugs & Health, Ltd. was one of the "free" distributions that Defendants have claimed to have made in this case. However, Defendants have claimed that there were various "free" distributions made, and, therefore should be able to produce documents or provide information relating to same.

    7. A list of all retained and non-retained employees who have ever worked for defendant Kwon, defendant Jhon and their businesses (including those who were paid cash wages, if any).

DEFENDANTS PRODUCED NO DOCUMENTS. Plaintiffs are entitled to take depositions and discovery from all employees, including the factory workers, and Plaintiffs will not choose any employee until a list is provided. The requested documents are likely to lead to discovery of admissible evidence.

    8. All documents relating to all business activity with Mr. Choi Jong Hyun, whose company, "Naturally," is located in Korea (Korea address 584-12 Sul-woon-dong, Pochun-shi, Kyung-gi-do, Korea) and in the U.S. (U.S. address 6980 Aragon Circle, Suite #7, Buena Park, CA 90620 Tel 714-522-4061, 4062, 4063; Fax 714-522-4064; Warehouse Address: 500 W. 140th St. Gardena, CA 90248; Tel 310-324-8661; Fax 310-324-8621).