Page 4

    DEFENDANTS PRODUCED NO DOCUMENTS. Plaintiffs maintain that defendants sold to third-parties through these persons, and the requested documents are likely to lead to discovery of admissible evidence.

    9. All documents in support of each of defendants' affirmative defenses.

    Defendants have asserted five Affirmative Defenses in its Answer to the Complaint. It is unclear which of the documents produced, if any, relate to those five defenses.

    10. All computer hard drives of computers on site at Manitou Springs; in possession of defendant Jhon; and/or in possession of defendant Kwon.

    DEFENDANTS PRODUCED NO DOCUMENTS. Since defendants' production, shipping records, and financial records are clearly relevant, the requested computer data are likely to lead to discovery of admissible evidence.

    11. Identification of the entity which assisted or fully made defendants' bottle label.

    Plaintiffs acknowledge the production of documents responsive to this request. However, Plaintiffs also request the production of any and all documents and information reflecting the samples of all materials Defendants obtained and/or ordered from that company.

    12. A list of all stores to which defendants have sold "Manitou Springs Mineral Water" at any time.

    As stated previously, a very small portion of documents 000005-000095 appear to relate to the sale of mineral water from 2006 to 2007. Most of the documents are bills of lading, without specific sales information. In addition, Defendants have produced nine other documents relating to the sale of mineral water. These are documents 000164, 000172, and 000174 through 000180. Defendants' subterfuge sales to third-parties is squarely in issue and the requested documents are likely to lead to discovery of admissible evidence. This Request is not limited to the period "subsequent to the relationship between the parties."

    13. A list of all countries other than the U.S. and Korea where defendants previously had any sales of mineral water, including the exact locations of such sellers, and the volume sold to such sellers.

Page 5

See Request No. 12, above. This information is requested for essentially the same reasons set forth in that response.

14. All documents in the nature of an "agreement" or "contract," whether fully executed or in draft, relating to the mineral water business between defendants and Young Gil Jee and/or plaintiffs, including the alleged "April 29, 2005" contract.

Defendants refer to the documents annexed to their opposition papers. Nevertheless, any and all documents generated between plaintiffs and defendants; and between defendants and third-parties regarding defendants' water sales is relevant and the requested documents are likely to lead to discovery of admissible evidence.

15. All documents regarding defendants' acquisition or leasing of equipment at the on site factory, including bottling equipment.

Plaintiffs acknowledge the production of a small volume of documents that are minimally responsive to the request; however, Plaintiffs request any and all documents received from the manufacturer of the equipment (or any other source) describing, reflecting and/or relating to the specifications and functioning of the equipment. Defendants have claimed that they could not ship water as of April 2007 because they were "changing" equipment because Plaintiffs had requested a reduction in the bottle size from 1 liter to 500 milliliter. This request seeks information regarding the nature of the equipment and its capacity, which is relevant, and the requested documents are likely to lead to the discovery of admissible evidence. Further, Plaintiffs seek confirmation as to whether this is all of the equipment that exists or has existed with respect to Defendants' manufacturing .

16. All purchase orders for supplies of empty bottles purchased or obtained by defendants since January 1, 2003, with disclosure of identities of suppliers of such bottles.

DEFENDANTS PRODUCED NO DOCUMENTS as to third-party purchase orders. Defendants receipt of purchase orders from plaintiffs and all third-parties is relevant and the requested documents are likely to lead to discovery of admissible evidence.

17. All bills of lading and shipping documents showing all shipments out of the factory to all purchasers/destinations since January 1, 2003, including information of all trucking companies used for shipments.

Page 6

The bills of lading produced by Defendants appear to relate to the 2006-2007 time frame. Further, as to third-party shipments, Defendants' shipping documents to third-parties are relevant and the requested documents are likely to lead to discovery of admissible evidence.

18. All documents which were used to make advertisement materials, disseminated through Flea Market News, showing Ho Myung Trademark.

DEFENDANTS PRODUCED NO DOCUMENTS. Defendants have admittedly used plaintiffs' trademark and plaintiffs' advertising materials, and this request seeks such documents and information and the requested documents are likely to lead to discovery of admissible evidence.

19. All invoices relating to sale of mineral water since January 1, 2003.

A very small portion of documents 000005-000095 appear to relate to the sale of mineral water from 2006 to 2007. As stated above, there were also nine documents contained in the January 22, 2008 production. Defendants' sales to various third-parties has been alleged, and is clearly established in the preliminary injunction record. Plaintiffs allege in part that defendants stopped selling to plaintiffs when they began to sell in the retail markets directly. The requested documents are likely to lead to discovery of admissible evidence.

20. All documents relating to the existence and identification of all lawsuits (including pleadings) involving all defendants.

DEFENDANTS PRODUCED SOME DOCUMENTS. Defendants have told various people including plaintiffs that they had to spend plaintiffs' funds to litigate to acquire the rights in Manitou Springs; defendants have not produced these documents; these documents will lead to discovery of admissible evidence. Also, defense counsel has stated that there was a previous lawsuit against Young Gil Jee by defendants, but no documents relating thereto have been produced.

21. All documents showing the disposition of water under defendants' own alleged "brand" of "Manitou Springs Mineral Water."

The documents produced by Defendants are not responsive. Plaintiffs request the production of any and all invoices referring, reflecting and/or relating to the sales and promotions of Defendants' own alleged "brand" of "Manitou Springs Mineral Water." This information is relevant and the requested documents are likely to lead to the