Page 7

discovery of admissible evidence.

     22. All documents showing the disposition of the water which was photographed by plaintiffs' agent in June 2007 (see OSC papers).

     DEFENDANTS PRODUCED NO DOCUMENTS. In June 2007, plaintiffs took photographs of multiple pallets of water, bearing plaintiffs' production ID codes, which were never received by plaintiffs. This information is relevant and the requested documents are likely to lead to discovery of admissible evidence.

     23. All documents in the nature of emails generated by any defendant to any other person or entity relating to the sale or distribution of "Manitou Springs Mineral Water."

     DEFENDANTS PRODUCED NO DOCUMENTS, and the requested documents are likely to lead to discovery of admissible evidence.

     24. All documents in the nature of emails generated by any non-party to any defendant relating to the sale or distribution of "Manitou Springs Mineral Water."

     DEFENDANTS PRODUCED NO DOCUMENTS, and the requested documents are likely to lead to discovery of admissible evidence.

     25. A list of all documents destroyed or discarded or deleted from computer files by any defendant since January 1, 2007, relating to "Manitou Springs Mineral Water."

     DEFENDANTS PRODUCED NO DOCUMENTS, and the requested documents are likely to lead to discovery of admissible evidence.

Page 8

## Plaintiff's First Set of Interrogatories

1. Identify all fact witnesses and state in detail the scope of facts believed to be known by each of them.

Defendants failed to state in detail the scope of facts believed to be known by each of the persons identified in response to Interrogatory No. 1. Moreover, Defendants' Initial Disclosures do not state the specific facts that are known by each of the persons who are identified therein.

2. Identify all expert witnesses; their CV's and narrative reports; and state in detail the scope of all testimony expected from them.

Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

3. Describe in detail all of defendants' dealings with (A) Young Gil Jee, with dates and locations of events, and with (B) Hyun Song Kang, with dates and locations of events.

Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

4. Describe in detail all of defendants' efforts in connection with the acquisition of all properties in Manitou Springs in connection with the mineral water business, whether done so through person auspices or one or more corporate auspices in which defendants have any ownership interest (including Manitou Mineral Water, Inc., and Tensing, LLC), with dates and locations of events.

Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the

Page 9

Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

   5. Describe in detail all of defendants' efforts relating to the sale of mineral water to any person or entity.

   Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

   6. Describe in detail all business activity with Mr. Choi Jong Hyun, whose company, "Naturally," is located in Korea (Korea address 584-12 Sul-woon-dong, Pochun-shi, Kyung-gi-do, Korea) and in the U.S. (U.S. address 6980 Aragon Circle, Suite #7, Buena Park, CA 90620 Tel 714-522-4061, 4062, 4063; Fax 714-522-4064; Warehouse Address: 500 W. 140th St. Gardena, CA 90248; Tel 310-324-8661; Fax 310-324-8621).

   Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

   7. Describe in detail all computers in possession of defendants.

   Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

   8. Identify all entities which assisted or fully made defendants' bottle label.

   Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern