Page 10

District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

   9. Identify all stores to which defendants have sold "Manitou Springs Mineral Water" at any time.

   Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

   10. Identify all countries other than the U.S. and Korea where defendants previously had any sales of mineral water, including the exact locations of such sellers, and the volume sold to such sellers.

   Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

   11. Identify all documents in the nature of an "agreement" or "contract," whether fully executed or in draft, relating to the mineral water business between defendants and Young Gil Lee and/or plaintiffs, including the alleged "April 29, 2005" contract.

   Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

Page 11

    12. Identify all equipment at the on site factory, including bottling equipment, trucks, cars, processing equipment, computers and any other equipment.

    Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

    13. Describe in detail all lawsuits (including pleadings) involving all defendants in the past five years, whether commenced by any defendant or filed against any defendant.

    Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

    14. Identify all persons or entities engaged in the assisting of defendants' production of their own alleged "brand" of "Manitou Springs Mineral Water."

    Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

    15. Identify all email addresses used by each defendant.

    Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

Page 12

16. Identify all documents in support of defendants' contention that plaintiffs' request for one-half liter bottles caused their delay in production.

Defendants cite Local Rule 33.3 pertaining to interrogatories in the Southern District of New York as a basis of not responding to this Interrogatory. However, the parties have been engaged in discovery since the October 22, 2007 hearing. As such, the Interrogatory is appropriate under the rules, including, but not limited to Local Civil Rule 33.3 (b), allowing for such Interrogatories during discovery, as a more practical method of obtaining the information sought.

We are hopeful that the outlined deficiencies in discovery will be helpful to the Court. Please let us know when a discovery conference can be scheduled. If Your Honor is in need of any further information, please do not hesitate to call me at the telephone number above. Thank you for your consideration of this matter, and your courtesies.

Respectfully submitted,

Kim E. Sparano

KES:la
cc: Andrew A. Kimler, Esq.