```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-7-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
HO MYUNG MOOLSAN CO.,            :
LTD. et al.,
                                 :
              Plaintiffs,           07 Civ. 7483 (RJH)(HBP)
                                 :
    -against-                       ORDER
                                 :
MANITOU MINERAL WATER,
INC., et al.,                    :

              Defendants.        :
----------------------------------------X

       PITMAN, United States Magistrate Judge:

       Plaintiffs' application for a protective order directing that the deposition of plaintiff Hyun-Song Kang be taken by telephone is denied.

       "Since the plaintiff chooses the forum in which an action is brought, it is well settled that a plaintiff is ordinarily required to make him or herself available for a deposition in the jurisdiction in which the action is brought." A.I.A. Holdings, S.A. v. Lehman Bros., Inc., 97 Civ. 4978 (LMM)(HBP), 2002 WL 1041356 at *1 (S.D.N.Y. May 23, 2002); accord Schindler Elevator Corp. v. Otis Elevator Corp., 06 Civ. 5377 (CM)(THK), 2007 WL 1771509 at *8 (S.D.N.Y. June 18, 2007). The subject is comprehensively discussed in 2 Michael C. Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 17:11 (2d ed. 2007).

The principal shortcoming in plaintiffs' application is that it lacks any factual showing that Kang's traveling to this District to be deposed will result in any hardship whatsoever. No affidavit or declaration has been submitted establishing financial or other hardship. Nor has any affidavit or declaration been submitted establishing that Kang has little or no relevant knowledge. As the party seeking the protective order, plaintiffs bear the burden of demonstrating that such relief is appropriate. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992); D.A.N. Joint Venture III, LP v. Coady, Civil No. 3:04cv546 (RNC), 2008 WL 876991 at *1 (D. Conn. Mar. 27, 2008). Plaintiffs have simply failed to offer any evidence to discharge this burden. In reaching my conclusion that the relief sought by plaintiffs should be denied, I am not unmindful of the fact that Korea is located approximately one-half of the way around the globe from New York. Nevertheless, there are some individuals with tremendous wealth and for whom such a trip not a matter of great moment, just as there are individuals in the world for whom such a trip would consume their life savings. Based on the sparse record before me, I cannot tell where along the continuum Kang should be situated. And since plaintiffs bear the burden of proof, the evidentiary lacuna tips the balance in favor if defendants.

Accordingly since plaintiffs have failed to make an evidentiary showing that Kang's presence in Mew York would result in any kind of hardship, plaintiffs' application for a protective order is denied.

Dated:  New York, New York
        July 7, 2008

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Kim E. Sparano, Esq.
Kimm Law Firm
41 Bancker Street
Englewood, New Jersey  07631

Andrew A. Kimler, Esq.
Capell Vishnick, LLP
Suite 1E9
3000 Marcus Avenue
Lake Success, New York  11042