UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael S. Kimm (MK4476)
Kim E. Sparano
KIMM LAW FIRM
41 Bancker Street
Englewood, NJ 07631
201-569-2880
*Attorneys for Plaintiffs*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-22-08

| | | |
|---|---|---|
| HO MYUNG MOOLSAN CO., LTD., and HYUN-SONG KANG, | : | 07 CV 7483 (RJH) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MANITOU MINERAL WATER, INC., RAPHAEL DRUG AND HEALTH CO. O-YOON KWON; NAM-IN JHON, HANMI HOME SHOPPING COMPANY, NEW JERSEY FLEA MARKET NEWS, NEW YORK FLEA MARKET NEWS, a/k/a WWW.FINDALLUSA.COM, JOHN DOES 1 THROUGH 10, JANE DOES 1 THROUGH 10, and ABC COMPANIES 1 THROUGH 100, | : : : : ; ; : : : : : | **Stipulation and Protective Order** |
| | : | |
| Defendants. | : | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the parties having

consented to entry of a protective order in this form without further notice, and the Court

having found that the discovery of information that one or more parties or non-parties may

consider confidential or proprietary has been or may be requested in this action and that the

disclosure and distribution of such information should be reasonably restricted, the Court

finds that good cause exists for the entry of this order.

THEREFORE, IT IS ORDERED that the parties, their representatives, agents, experts, and consultants, and any other interested persons including non-parties from whom information may be sought in discovery shall be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible things that are produced, made available for inspection, disclosed, or filed in this case:

1.    Documents and information produced during the course of discovery proceedings in this action, regardless of whether or not designated as "Confidential," or "Attorneys' Eyes Only" shall be used by the parties and counsel therefor solely for the purpose of this litigation, that is, to assert or defend against claims based upon the subject matter of this action and not for any other litigation or proceeding, or for any business, commercial, competitive, personal or other purpose.

2.    The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege or as otherwise exempted from discovery under Rule 26.

3.    Parties and non-parties may designate material as "Confidential" or "Attorneys' Eyes Only" and be entitled to the protections in accordance with this Order. However, nothing in this Order grants to non-parties access to the materials produced by others.

4.    All information produced by the parties or non-parties (hereinafter the "producing entity") in the course of discovery proceedings in this action and designated "Confidential" or "Attorneys' Eyes Only" shall not be used or disclosed except as expressly

permitted hereunder.

5.     A producing entity may designate as "Confidential" any document or other discovery material that is considered to contain non-public proprietary information that is confidential and commercially sensitive in nature, such as documents relating to agents or non-public communications with third parties the disclosure of which to the public has been purposefully avoided for business reasons. It is anticipated that materials that will be designated as "Confidential" will be the documents supporting the existence of a "direct person sales network of 70,000 agents" as set forth in the May 2, 2008 Order of the Honorable Henry Pitman, U.S. Magistrate Judge. "Confidential Information," as used herein, shall refer to any document designated "Confidential," other discovery materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. Discovery materials may be designated "Confidential" on each page of the material in a manner that will not interfere with its legibility.

6.     Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

        (a)     the parties and the attorneys for the parties in this action (including in-house counsel) and their paralegals, clerical and other assistants who have a clear need therefor in connection with this action;

        (b)     persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this

action (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

(c)    stenographers engaged to transcribe depositions conducted in this action; and

(d)    the Court and its support personnel.

7.    Any producing entity may designate as "Attorneys' Eyes Only" any document or other discovery material in which the producing entity has a good-faith belief that said information is non-public, is proprietary or personal to the designating producing entity (or to a person to whom or which the producing entity owes a duty of confidentiality), has substantial competitive value in part because it is not known to competitors, has been the subject of reasonable efforts to maintain its secrecy, and is of such a nature that the designating producing entity (or the person to whom or which the producing entity owes a duty of confidentiality) would likely suffer competitive harm or disadvantage if the information were used by or disclosed to any Party. It is anticipated that the type of materials that will be designated as "Attorneys' Eyes Only" herein will be the documents supporting the existence of a "direct person sales network of 70,000 agents" as set forth in the May 2, 2008 Order of the Honorable Henry Pitman, U.S. Magistrate Judge.  "Confidential Information," as used herein, shall refer to any document designated "Confidential," other discovery materials so designated (including deposition transcripts as specified below) and

all copies and extracts thereof, and shall also refer to the information contained therein. Discovery materials may be designated "Confidential" on each page of the material in a manner that will not interfere with its legibility. "Attorneys' Eyes Only" as used herein, shall refer to any document designated "Attorneys' Eyes Only," other discovery materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. Discovery materials may be designated "Attorneys' Eyes Only" by stamping or otherwise marking "Attorneys' Eyes Only" on each page of the material in a manner that will not interfere with its legibility.

8.    Attorneys' Eyes Only Information shall not be disclosed or distributed to any person or entity other than the following:

(a)    counsel for the parties in this action (including in-house counsel) and their paralegals, clerical and other assistants who have a clear need therefor in connection with this action;

(b)    persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

(c)    stenographers engaged to transcribe depositions conducted in this action; and

(d)    the Court and its support personnel.

9.    During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information or Attorneys' Eyes Only Information, or that an answer has disclosed Confidential Information or Attorneys' Eyes Only Information. Such Confidential Information or Attorneys' Eyes Only Information may be so designated either:

(a)    during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Attorneys Eyes Only Information Governed by Protective Order" by the reporter; or

(b)    by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party. Thereupon, either counsel may request all persons except persons entitled to receive Confidential Information or Attorneys' Eyes Only Information pursuant to this Protective Order, to leave the room where the deposition is proceeding until completion of the answer, or answers containing Confidential Information.

10.    Persons described in paragraphs 6 and 8 above shall be restricted to using

Confidential Information and Attorneys' Eyes Only Information only for purposes directly related to this action and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

11.    Prior to any disclosure of Confidential Information or Attorneys' Eyes Only Information to any person retained as an independent expert and/or consultant pursuant to subparagraphs 6(b) and 8(b) above, counsel retaining such person shall cause such person to read this Protective Order and sign a Declaration in the form annexed hereto. Counsel shall retain the signed Declaration, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial, or at the conclusion of the case, whichever comes first.

12.    In the event that a party intends to file with the Court any pleadings, motions or other papers disclosing Confidential Information or Attorneys' Eyes Only Information, such party shall request to seal, or otherwise restrict public access to, the Confidential Information or Attorneys' Eyes Only Information as set forth in Federal Rule 26(c)(7). The parties agree that they will use their best efforts to disclose or include Confidential Information and Attorneys' Eyes Only Information in documents submitted to the Court only when absolutely necessary, and agree, when possible, to request only the confidential portions of filings with the Court to be filed under seal.

13.    In the event that the requesting party disagrees with the designation by the

producing entity of any document or discovery materials as "Confidential," or "Attorneys' Eyes Only" the requesting party's counsel shall advise counsel for the producing party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within fourteen (14) days of receiving this written objection, the producing entity shall advise whether the "Confidential" or "Attorneys' Eyes Only" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information or Attorneys' Eyes Only Information, subject to the provisions of this Protective Order.

14.    If a party intends to offer into evidence any Confidential Information or Attorneys' Eyes Only Information during trial or in connection with any hearing or other proceeding, excluding depositions, counsel for the producing entity asserting confidentiality must be so informed in writing not less than seventy-tWo (72) hours in advance of the party offering such Confidential Information or Attorneys' Eyes Only Information into evidence. As long as such notification is provided, any Confidential Information or Attorneys' Eyes Only Information may be offered into evidence in open court unless the party that designated the material as confidential obtains a protective order or a ruling from the Court providing otherwise.

15.    Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any privileged, Confidential Information or Attorneys' Eyes Only

Information. A producing entity may notify the requesting party that documents or materials that should have been withheld as privileged or designated as "Confidential" or "Attorneys' Eyes Only" were inadvertently produced or produced without the appropriate designation. Upon receiving such notice, the requesting party shall (a) immediately treat the document as if it had been so designated; (b) place the appropriate designation on the document within two working days of receipt of such notice; and (c) with respect to allegedly privileged documents, return all copies thereof unless there is a good faith basis upon which to challenge the invocation of privilege, in which case the receiving party may retain no more than a single copy thereof for the sole purpose of seeking, within a reasonable time and through an in camera review or other means designated to preserve the privilege pending a ruling, to have the Court determine whether a privilege properly attaches to the document. The inadvertent production of any privileged, Confidential Information or Attorneys' Eyes Only Information shall be without prejudice to any claim that such material is privileged or protected from disclosure, and the producing entity shall not be held to have waived any rights by such inadvertent production.

16.    Within thirty (30) days of the resolution of this action by settlement or judgment, all documents and discovery materials designated "Confidential" or "Attorneys' Eyes Only" and any copies thereof shall be promptly returned to the producing entity or, with and upon the prior consent of said entity, destroyed, provided that the requesting party certifies in writing that all designated documents and materials have been destroyed.

17.    Nothing contained herein shall preclude the producing entity from using his,

her or its own confidential information, documents or materials in any manner he, she or it sees fit, or from revealing such confidential information, documents or discovery materials to whomever he, she or it chooses, without the prior consent of any other party or the Court.

18.    Notwithstanding anything to the contrary that may be set forth herein, each producing entity shall have the right to object to any discovery or to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential, proprietary or privileged material. This order shall not be construed to require any producing entity to produce any documents or information that is not otherwise relevant, material, non-privileged and the appropriate subject of discovery in this action.

19.    The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information and Attorneys' Eyes Only Information produced hereunder, absent written permission or further Order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

| Date: 7/3/08 | By: _Kim E. Sparano_<br>Michael S. Kimm, Esq.<br>Kim E. Sparano, Esq.<br>Kimm Law Firm<br>41 Bancker Street<br>Englewood, NJ 07601<br>(201) 569-2880<br>Attorney for Plaintiffs |
|---|---|
| Date: 6/30/08 | By: _____<br>Andrew Kimler, Esq. (AK 9861)<br>Capell Vishnick, LLP<br>3000 Marcus Avenue, Suite 1E9<br>Lake Success, NY 11042<br>(516) 437-4385<br>Attorney for Defendant |
| SO ORDERED:<br><br>Date: 7 - 14 - 08 | By: _____<br>Honorable Henry Pitman<br>United States Magistrate Judge |

## EXHIBIT A

1.    I, _____, have read the foregoing Stipulation and Protective Order dated _____, and agree to be bound by its terms with respect to any documents, things or information marked "Confidential" or "Attorneys' Eyes Only" that are furnished to me as set forth in the Stipulation and Protective Order.

2.    I further agree: (a) not to disclose to anyone any documents, material or information marked "Confidential" or "Attorneys' Eyes Only" other than as set forth in the Stipulation and Protective Order and (b) not to make copies of any documents, materials or information marked "Confidential" or "Attorneys' Eyes Only" furnished to me except in accordance with the Stipulation and Protective Order.

3.    I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any proceedings to enforce the terms of the Stipulation and Protective Order.

4.    I hereby agree that any documents, materials or information marked "Confidential" or "Attorneys' Eyes Only" furnished to me will be used by me only for the purposes of this action and for not other purpose, including any business, commercial, professional, educational, personal or any other purpose whatsoever, and will not be imparted by me to any other person.


Date: _____        By:_____
                                   Name:
                                   Company:
                                   Address: