# VISHNICK MCGOVERN MILIZIO LLP

## ATTORNEYS AT LAW

September 20, 2010

Andrew A. Kimler
Partner
t. 516.437.4385 x122
Akimler@vmmlegal.com

***via ecf & Federal Express***
Honorable Richard J. Holwell
United States District Court
500 Pearl Street
New York, NY 10007

> **Re:** ***Ho Myung Moolsan Co., Ltd., and Hyun-Song Kang v.***
> ***Manitou Mineral Water, Inc.***
> ***SDNY Case No.: 07 CIV 7483***

Dear Judge Holwell:

Please be advised that we represent the Defendant in the above-captioned matter which is currently scheduled for trial on October 25, 2010. We write this letter brief in support of Defendant's *in limine* application for an Order precluding the Plaintiffs from introducing at trial any evidence concerning the 2004 contracts allegedly executed by Defendant and an agent of the Plaintiffs.

## BACKGROUND

### 2004 Contract

This case is a contract dispute arising out of a contract executed in December 2005 between the Plaintiff corporation, Ho Myung Moolsan Co., Ltd ("Moolsan"), and the Defendant corporation, Manitou Mineral Water, Inc. ("Manitou"), in connection with the sale of mineral water from Manitou to Moolsan.

In 2004, Manitou's president, Dr. Kwon was approached by a Mr. Young Gil Jee. See Exh "A" ¶7 (Kwon Affidavit dated October 1, 2007). Mr. Jee advised Dr. Kwon that he represented an entity in Korea that wished to purchase water from Manitou. Id. at ¶7. In or about December of 2004, Manitou entered into a contract with the entity controlled by Mr. Jee, the Journalists Federation of Korea, in which Mr. Jee agreed to pay $500,000 for the distribution rights and an advance payment of $1,000,000 for the purchase of water. Id. at ¶11. Thereafter, Dr. Kwon learned that Mr. Jee represented the Plaintiffs. At a meeting with the Plaintiffs, the Plaintiffs asked Dr. Kwon how much money Manitou had received for the sale of water. Id. at ¶14; See also, Exh. "B" at pp. 169:5-22 173:18-177:14; 180:17-181:6; 182:14-183:13: 185:8-185:20; 186:16-23; 200:16-25; 218:7-25 (Kim Deposition). Dr. Kwon advised the Plaintiffs that Manitou had received $1.5 million.

# VISHNICK McGOVERN MILIZIO LLP
## ATTORNEYS AT LAW

September 20, 2010
Page 2

Id. The Plaintiffs then advised Dr. Kwon that they had a purported contract with Manitou and receipts that Mr. Jee had apparently provided the Plaintiffs that showed a purchase price of $2 million. Id. Dr. Kwon denied that Manitou had ever executed a contract for $2 million and stated that Manitou had only received $1.5 million for the sale of water. Id. As a result, on December 1, 2005, Moolsan executed a contract directly with Manitou in which it agreed to pay $1.5 million for the purchase of the water. See Exh "A" ¶19; "C" (Kwon Affidavit)(December 2005 Contract). The December 1, 2005 contract is the subject of the within breach of contract case, the sole remaining cause of action in Plaintiff's amended complaint.

### New Jersey Law Suit Against Third Party Alleging Fraud in Connection with 2004 Contract

On August 21, 2007, the Plaintiffs filed a New Jersey Federal Complaint against Mr. Jee based on the contract for $2 million dollars. See Exhibit "D"(New Jersey Complaint). In its Complaint, Plaintiffs assert at paragraph 23 that Mr. Jee had used a "dual-contract means to obtain a financial gain from the Plaintiffs" by entering into the fraudulent contract. (Exhibit 1 to Plaintiffs' Federal New Jersey Complaint). In that regard, Plaintiffs assert at paragraph 20 in their New Jersey complaint that the same fraudulent contract provides that Jee was to pay Manitou $1,000,000 for the right to purchase Manitou's water and an additional $1,000,000 as a prepayment for the water.

Plaintiffs then claim at paragraphs 23-24 of their New Jersey Complaint that they eventually learned of the actual contract that Manitou signed with Jee (Exhibit "3" to Plaintiffs' New Jersey Complaint) which provides that the total to be paid to Manitou was $1,500,000, not $2,000,000. Thus, the Plaintiffs claim that Jee "embezzled the difference of $500,000" (paragraph 24 to Exhibit 1 of Plaintiffs' New Jersey Federal Complaint).

Significantly, Plaintiffs did not name any of the defendants sued in this action as a defendant in the New Jersey action.

### All Causes of Action Relating to 2004 Contract in the within Action Have Either Been Dismissed or Plaintiff Has Been Denied Permission to Plead

The sole cause of action currently before this Court is Plaintiffs' breach of contract cause of action based on the December 2005 contract. In its original complaint filed on August 23, 2007, Plaintiffs also pled causes of action for Tortious Interference, Fraud and Conspiracy, as well as sought damages against various individual defendants on its breach of contract claims. See Exhibit "E" (Original Complaint). The purported basis for the additional causes of action was Mr. Jee's alleged embezzlement of $500,000 based on Mr. Jee's fraudulent 2004 contract for $2,000,000. Id. In addition, the Plaintiffs sought injunctive relief.

# VISHNICK MCGOVERN MILIZIO LLP
## ATTORNEYS AT LAW

September 20, 2010
Page 3

By Order dated November 21, 2007, the Plaintiffs' application for a preliminary injunction was denied. See Exhibit "F". By Order dated December 20, 2007, the Court granted Defendants' partial cross-motion and dismissed the causes of action for Tortious Interference, Fraud and Conspiracy against all parties and dismissed the causes of action for breach of contract against all parties other than Manitou. See Exhibit "G".

Upon the completion of discovery, the Plaintiffs made an application for leave to amend the complaint to include the causes of action previously dismissed by the Court, to add the parties against whom the complaint had been previously dismissed and to plead a RICO cause of action against all Defendants. Once again, the purported basis of the claim was an allegation that the Defendants conspired with Mr. Jee's alleged embezzlement of $500,000 based on Mr. Jee's fraudulent 2004 contract for $2,000,000. The Defendants opposed the motion and moved for sanctions pursuant to Rule 11 of the FRCP. By Order dated September 29, 2009, Magistrate Pitman denied Plaintiff's motion except that it granted Plaintiff's motion to add a claim for conspiracy to breach a fiduciary duty. See Exhibit "H" In addition, the Court found that although the Plaintiff's application to amend its complaint violated Rule 11, in its discretion it did not impose sanctions. Accordingly, the amended complaint alleged two causes of action – a cause of action for breach of contract against Manitou and a cause of action for conspiracy to breach a fiduciary duty against Manitou and Dr. Kwon. See Exhibit "I" (Amended Complaint).

By Order dated June 25, 2010, this Court granted Defendants motion for summary judgment dismissing the cause of action for conspiracy to breach a fiduciary duty against Manitou and Dr. Kwon and denied Plaintiffs' motion for summary judgment on its breach of contract cause of action. See Exhibit "J". The sole remaining cause of action for trial is the breach of contract cause of action against Manitou based on the December 1, 2005 Contract.

## ARGUMENT

### The Court Should Preclude Any Evidence Concerning the 2004 Contract

Under the Federal Rules of Evidence, "[e]vidence should be excluded if it is irrelevant, FRE 402, or, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice it presents. FRE 403." Henry v. Wyeth Pharmaceuticals, Inc., 2010 WL 3023807 at *13 (2d Cir. Aug. 4, 2010). Evidence should also be excluded where there may be "confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403; see also Cary Oil Co., Inc. v. MG Refining & Marketing, Inc., 257 F.Supp.2d 768 (S.D.N.Y. 2003)(excluding from trial evidence that is

# M

## VISHNICK MCGOVERN MILIZIO LLP
### ATTORNEYS AT LAW

September 20, 2010
Page 4

"distracting to the jury" and which does not have a "direct bearing" on the claims to be tried). "Unfair prejudice is that which might dispose a jury to render a verdict for reasons unrelated to the merits of the case." Henry, supra at *13.

Initially, it is respectfully submitted that the Plaintiffs should be precluded from introducing any evidence regarding the purported 2004 "dual" contracts as being wholly irrelevant. Plaintiff had previously introduced evidence of the 2004 contracts and Mr. Jee's alleged embezzlement to support its fraud and conspiracy to breach fiduciary duty causes of action and proposed RICO causes of action. Each of these causes of action, however, have either been dismissed or Plaintiff has been denied leave to amend its complaint because the claims lack merit. The sole remaining cause of action is breach of contract based on the December 1, 2005 contract. Simply stated, the 2004 contracts and the circumstances surrounding their alleged execution and payment are wholly irrelevant to the current cause of action. As such, it is respectfully submitted that evidence regarding the 2004 contract should be precluded as being irrelevant.

Moreover, even if the Court finds that the 2004 contracts are in any way relevant to the current cause of action, its probative value is substantially outweighed by the danger of unfair prejudice it presents. Specifically, Plaintiff's purpose in introducing the purported 2004 "dual" contracts and the circumstances surrounding Mr. Jee's alleged embezzlement, is to somehow implicate the Defendant in a conspiracy with Mr. Jee's alleged fraudulent conduct. Of additional significance, plaintiff's president testified that she now believes that Dr. Kwon ultimately only received $1.5 million from Mr. Jee. See Exhibit "B" at 218:7-25 (Kim Deposition). As such, permitting the introduction of this evidence may confuse the issues and mislead the jury that this is more than a breach of contract matter.

Finally, allowing evidence regarding the 2004 contracts will cause undue delay at the trial. Initially, it will entail testimony concerning Mr. Jee's alleged embezzlement of $500,000 from the plaintiffs, an issue which was already addressed in the New Jersey Federal action. In addition to needless testimony from lay witnesses, Plaintiffs have retained an alleged expert to testify regarding the interpretation of a document relating to the 2004 contract. See Exhibit "K" (Plaintiffs' Proposed Exhibit List, Exhibit "68" and Reply Declaration of Mike Ko).[1] In addition, Dr. Kwon has consistently denied that he executed the 2004 contract for $2 million dollars. Also, both parties have

---

[1] Defendant also maintains that Mr. Ko should not be permitted to testify as an expert because Plaintiffs never provided the expert disclosures required under FRCP 26(2) by December 31, 2008, the deadline set by Magistrate Pitman to complete expert discovery. Moreover, Mr. Ko is not qualified to testify as to the meaning of any documents.

# ᴍ

# Vɪsʜɴɪᴄᴋ McGᴏᴠᴇʀɴ Mɪʟɪᴢɪᴏ ʟʟᴘ
## ATTORNEYS AT LAW

September 20, 2010
Page 5

retained handwriting experts regarding the authenticity of Dr. Kwon's signature. See Exhibit "L" (Expert Report of Robert Baier and Expert Report of Richard Picciochi). As such, allowing testimony regarding the 2004 contracts will lead to the needless presentation of time consuming and irrelevant testimony from both lay and expert witnesses.

## Conclusion

Based upon the foregoing, Defendant respectfully requests that this Court enter an order precluding the Plaintiffs from introducing at trial any evidence concerning the 2004 contracts allegedly executed by Defendant and an agent of the Plaintiffs.

Respectfully,

By:  Andrew A. Kimler, Esq.
Michael J. Stacchini, Esq.
VISHNICK McGOVERN MILIZIO LLP
Attorneys for Defendants
3000 Marcus Avenue, Suite 1E9
Lake Success, New York 11042
(516) 437-4385